USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIPPON KAISHA LINE LIMITED,
individually and on behalf of M/V RIGEL
LEADER (IMO No. 9604940)

                Plaintiff,

- against -

O.W. BUNKER USA INC., NUSTAR ENERGY
SERVICES, INC., KIRBY INLAND MARINE LP,
ING BANK N.V.

                Defendants.

14 Civ. _____ ( )

**14 CV 10091**

---

### [PROPOSED] ORDER

This Rule 9(h) maritime matter comes before the Court on the Application for Restraining Order pursuant to 28 U.S.C. § 2361 of the Federal Interpleader Act filed by Plaintiff Nippon Kaisha Line Limited ("Plaintiff" or "NYK Line") individually as charterer and on behalf of the vessel M/V RIGEL LEADER. Upon consideration of the Application for Restraining Order, the accompanying Memorandum of Law, and the documents filed in this action, and:

WHEREAS Plaintiff has established the procedural prerequisites of 28 U.S.C. § 1335 in that 1) the funds in the Plaintiff's custody exceeds $500; 2) minimal diversity exists among the claimants; and 3) the Court has granted Plaintiff's application to deposit the funds into the Court's registry; and

WHEREAS on October 16, 2014 a sale and delivery of bunker fuel was made to the vessel M/V RIGEL LEADER in the Port of Houston and an invoice was issued by O.W. Bunker USA Inc. for fuel totaling the amount of $541,282.53 (the "Fuel Delivery"); and

WHEREAS Plaintiff has demonstrated that a restraining order is justified to protect Plaintiff as well as related party NYK Trading Corporation from multiple litigation against it for the same claim and against the vessel M/V RIGEL LEADER *in rem* for payment on the same fuel parcel; it is hereby

ORDERED that the named defendants/claimants in this action are restrained and enjoined from instituting or prosecuting any proceeding in any state court, or in any United States District Court, affecting the property and *res* involved in this action of interpleader, including but not limited to the arrest or attachment of the subject vessel M/V RIGEL LEADER pursuant to Supplemental Admiralty Rule C or Rule B or other laws to enforce claimants' maritime lien claims arising from the Fuel Delivery until the further order of the court; and it is further

ORDERED that upon deposit of the funds into the Court's registry, such funds will stand as and shall be the substituted *res* for the subject vessel M/V RIGEL LEADER and the maritime lien claims of any claimant arising from or related to the subject matter of this interpleader will be and are transferred from the subject vessel to the funds on deposit and any claimant may assert a maritime lien claim in the District against the funds for payment on the Fuel Delivery; and it is further

ORDERED that the amount on deposit is deemed good and sufficient security for claimants' *in rem* maritime lien claims, constituting the invoiced amount plus 6% interest per annum pursuant to Supplemental Admiralty Rule E(5)(a); and it is further

ORDERED that sufficient security in the amount of $573,759.48 having been ordered deposited into the registry of the court as substitute *res* for the claims arising for payment of the Fuel Delivery to the M/V RIGEL LEADER on October 16, 2014, further action against the Vessel

shall not be brought anywhere in the world by any of the named defendants to secure such claims; and it is further

ORDERED that if the claims have not been resolved by December 22, 2015, Plaintiff shall deposit an additional 6% of the invoiced amount to maintain adequate security through the substitute res; and it is further

ORDERED that Plaintiff shall serve a copy of this Order along with the Summons and Complaint in this action on each defendant; and it is further

ORDERED that if Plaintiff learns of any other claimant who intends to assert a claim related to the subject matter of this action, then Plaintiff will promptly serve a copy of this Order (and related papers) on such claimant who then will be bound thereby; and it is further

ORDERED that Plaintiff shall provide notice of this Order by email where possible and such notice shall be deemed good and sufficient; and it is further

ORDERED that any claimant may, upon proper motion allowing adequate time for briefing, request that this Order be set aside or modified.

SO ORDERED, this 23rd day of December, 2014.

_____
United States District Judge, S.D.N.Y.