# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

January 5, 2015

James H. Hohenstein
(212) 513-3213
jim.hohenstein@hklaw.com

*Via ECF*

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, New York  10007

Re:   *UPT Pool Ltd. v. Dynamic Oil Trading (Singapore) Pte. Ltd., et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9262 (VEC)

*Birch Shipping Ltd. v. O.W. Bunker China Ltd. (HK), et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9282 (VEC)

*Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9286 (VEC)

*Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9287 (VEC)

*Bonny Gas Transport Limited v. O.W. Bunker Germany GmBH, et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9542 (VEC)

*MT Cape Bird Tankschiffahrts GmBH v. O.W. USA Inc., et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9646 (VEC)

*SHV Gas Supply & Risk Management SAS, et al., v. O.W. Bunker USA, Inc., et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9720 (VEC)

*Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading L.L.C., et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9949 (VEC)

*OSG Ship Management, Inc., et al., v. O.W. Bunker USA, Inc., et al.,*
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9973 (VEC)

Honorable Valerie E. Caproni
United States District Judge
January 5, 2015
Page 2

> *Hapag-Lloyd Aktiengesellschaft v. O'Rourke Marine Services L.P., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10027 (VEC)
>
> *Conti 149 Conti Guinea v. O.W. Bunker Panama S.A. et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10089 (VEC)
>
> *NYK Bulk & Project Carriers Ltd. v. O.W. Bunker USA, Inc., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10090 (VEC)
>
> *Nippon Kaisha Line Ltd. v. O.W. Bunker USA, Inc., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10091 (VEC)

Dear Judge Caproni:

We write on behalf of all the plaintiffs (collectively, "Vessel Interests") in the above-captioned matters (i) to advise the Court of our support of the joint application of the Official Committee of Unsecured Creditors (the "Committee")  and the chapter 11 Debtors O.W. Bunker USA Inc., O.W. Bunker North American Inc. and O.W. Bunker Holding North American Inc. (collectively, the "Debtors") for the transfer of venue for the Debtors' bankruptcy cases from the U.S. Bankruptcy Court for the District of Connecticut ("Connecticut Bankruptcy Court") to the U.S. Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"), (ii) to request that the Court re-consider that part of its Order dated December 31, 2014 (in the first filed action captioned above, ECF Doc. #20,  the "12/31 Order") which has denied the Committee's request that the part of this Court's Order of December 19, 2014 (in the first-filed action captioned above, ECF Doc. # 17, the "12/19 Order"), directing the parties before it to brief the issue of whether the above-captioned interpleader actions should be transferred to the U.S. District Court for the District of Connecticut ("Connecticut District Court"), be suspended pending resolution of the joint motion to transfer venue, and (iii) to provide this Court with an update of relevant matters currently pending before the Connecticut Bankruptcy Court.

Initially, we refer to the letter to the Court dated December 22, 2014 (in the first-filed action captioned above, ECF Doc. #18), from counsel for the Committee.  In that letter, the Committee's counsel advised the Court that the Committee and the Debtors intended to file a joint motion to seek the transfer of venue of the Debtors' chapter 11 proceedings to the New York Bankruptcy Court.  The Court was further advised that the Committee and the Debtors anticipated expeditiously filing the motion.  Finally, under the circumstances, counsel further requested that the directions in paragraph 1 of the 12/19 Order (ordering the parties to brief the question of a possible transfer of venue to the Connecticut District Court) be rescinded and the interpleader actions be held in abeyance pending the outcome of the joint motion to transfer venue to the New York Bankruptcy Court.  The Committee's request has now been denied in the 12/31 Order.

Honorable Valerie E. Caproni
United States District Judge
January 5, 2015
Page 3

The Committee and the Debtors did indeed expeditiously file the joint motion to transfer venue, i.e., it was filed on December 24, 2014 in the Connecticut Bankruptcy Court, and a copy of the joint motion was served that day on counsel for the Vessel Interests as well as the defendants in the above actions (as the same were known at that time to counsel for the Committee and Debtors), including counsel for NuStar Energy Services, Inc. and NuStar Supply & Trading Inc. (collectively, "NuStar") which have appeared not only in various actions before this Court but which have appeared as well before the Connecticut Bankruptcy Court   For the Court's information, a copy of the joint motion is enclosed herein as Exhibit A.  At the same time, an expedited hearing was requested which request was granted by the Connecticut Bankruptcy Court:  the hearing on the joint motion to transfer was originally set for Tuesday, January 6, 2015 but was moved today by the Connecticut Bankruptcy Court to Wednesday, January 7, 2015.

The following week, on behalf of our client, Clearlake Shipping Pte Ltd. ("Clearlake"), undersigned counsel filed a Statement in Support of the Joint Motion in the Connecticut bankruptcy proceedings. (U.S.B.C., D. Ct., Case # 14-51720 (AHWS)("Bankruptcy Docket"), ECF Doc. #236).

On December 31, 2014, NuStar filed an expedited motion to continue the hearing before the Connecticut Bankruptcy Court on the joint motion to transfer venue.  A copy of that pleading is enclosed as Exhibit B.  The Connecticut Bankruptcy Court granted the request for an expedited hearing on the motion and originally set the hearing for January 6th, and the hearing on that motion also has been moved to January 7th.[1]

At page 4, ¶9 of its motion to continue, NuStar asserts that this Court must first consider the issues set forth in the 12/19 Order before the Connecticut Bankruptcy Court may decide the joint motion to transfer venue.  The Committee's and Debtors' joint response in further support of the joint transfer motion (Bankruptcy Docket ECF Doc. #262) refutes this argument, among others, and Vessel Interests join the positions expressed therein.

To place the issue in context, we think it would be helpful to recall some of the statements made at the hearing before the Court on December 18, 2014.

The Court made the practical and logical observation that the interpleader actions and the bankruptcy proceedings should be conducted in the same jurisdiction, i.e., either the Southern District of New York or the District of Connecticut. (Tr. 32: 22-24; 74:6-12).  We note that in prior proceedings before the Connecticut Bankruptcy Court, Judge Shiff also urged parties to find a single court in which issues of maritime and bankruptcy law could be addressed and among other things urged the filing of interpleader actions in a  Federal District Court rather than in the Bankruptcy Court.

---

[1] On January 2, 2015, NuStar filed a further submission in the Connecticut Bankruptcy Court in opposition to the joint motion to transfer venue.  (Bankruptcy Docket ECF Doc. #244).  Earlier today, the Committee and Debtors submitted a joint response not only to that pleading but also NuStar's motion to continue.  This response presents a detailed refutation of NuStar's various arguments.  (Bankruptcy Docket ECF Doc. #262).

Honorable Valerie E. Caproni
United States District Judge
January 5, 2015
Page 4

With regard to conducting all proceedings in a single court, at the December 18th hearing the Committee's counsel stated unequivocally that the Committee and Debtors would have no problem with, and indeed would welcome, a transfer of venue to the Southern District of New York (Tr. 67: 5-18; 68: 5 - 69:8), however, the Committee's and Debtors' counsel were concerned that they were precluded from seeking a transfer of venue because it was their belief at that time that the bankruptcy proceedings could not have been brought here in New York originally. (Tr. 11: 18-24; 32: 7-9, 13-15; 34: 19-23; 77: 11-25). Upon argument from counsel for the Vessel Interests citing to the bankruptcy rule for transfer of venue (Tr. 70:1 - 71:3), the Committee's counsel further stated that he would review and research the options to determine whether in fact the bankruptcy cases could be transferred to the New York Bankruptcy Court. (Tr. 72:12 - 73:5).

In retrospect, there may have been some confusion among counsel at the December 18th hearing concerning possible limitations on transfers of bankruptcy venue, i.e., whether such transfers were governed by the regular civil action venue transfer statute, 28 U.S.C. §1404(a) and thus subject to the procedural limitations of that statute. However, as is discussed in detail in the Committee's and Debtors' joint venue transfer motion, this statute has no application to the transfer of venue of bankruptcy proceedings, which are, instead, governed by the more liberal provisions of 28 U.S.C. §1412 and Bank. R. 1014(a)(1).

While we should not engage in speculation, nonetheless, it is only logical to consider whether the 12/19 Order would have been composed differently had the Committee's and Debtors' counsel been in a position to inform the Court during the December 18th hearing of their intention to seek jointly transfer of venue under the applicable bankruptcy venue transfer statute and rule.

In any event, Vessel Interests respectfully submit that the Committee's and Debtors' joint motion to transfer venue is a matter squarely within the province of the Connecticut Bankruptcy Court, and should be addressed first and independent of proceedings in any other court to avoid conflicting motion practice between this Court and the Connecticut Bankruptcy Court. In other words, we submit that NuStar's position that the Connecticut Bankruptcy Court essentially stay consideration of the joint venue transfer motion until this Court has decided the issues to be briefed pursuant to the 12/19 Order is incorrect and based on a faulty premise as discussed here.

Under all the circumstances, Vessel Interests respectfully request that the Court re-consider the decision in the 12/31 Order concerning the briefing of the issue set out in paragraph 1 of the 12/19 Order, i.e., Vessel Interests request that the briefing on the issue of the transfer of the interpleader cases to the Connecticut District Court be held in abeyance pending the decision of the Connecticut Bankruptcy Court on the joint motion to transfer venue which is before it.

Concerning Clearlake's motion regarding the automatic stay (here referring to paragraph 4 of the 12/19 Order), under the circumstances, Clearlake has adjourned the hearing on that motion now pending before the Connecticut Bankruptcy Court in light of the pendency of the joint motion to transfer venue.

Honorable Valerie E. Caproni
United States District Judge
January 5, 2015
Page 5

Finally, Vessel Interests intend to file a copy of this letter with the Connecticut Bankruptcy Court so that Judge Shiff is apprised of this communication to Your Honor.

We thank the Court for its attention to these matters.

Respectfully submitted,

James H. Hohenstein

JHH:mf
Enclosures

cc:     Via ECF and E-mail to all counsel listed below

Robert E. O'Connor
Timothy Semenoro
**Montgomery McCracken Walter & Rhoads LLP**
*Attorneys for:*
*O.W. Bunker USA Inc.,*
*O.W. Bunker North America Inc. and*
*O.W. Bunker Holding North America Inc.*

Bruce G. Paulsen
Brian P. Maloney
**Seward & Kissel LLP**

- and -

Daniel Guyder
Joseph Badtke – Berkow
**Allen & Overy LLP**
*Attorneys for ING Bank N.V.*

Francis A. Montbach
Sara N. Lewis
**Mound Cotton Wollan & Greengrass**
*Attorneys for Harley Marine Services, Inc. and*
*   Westoil Marine Services, Inc.*

Peter S. Partee, Sr.
Michael P. Richman
Andrew Kamensky
**Hunton & Williams LLP**
*Attorneys for The Official Committee of Unsecured*
*Creditors in In re O.W. Bunker Holding North*
*America, Inc., et al., Chapter 11 Case No. 14-*
*51720, Bankr. D. Conn.*

Thomas H. Belknap, Jr.
Keith Letourneau
**Blank Rome LLP**

- and -

James H. Neale
Christopher R. Hart
Michael M. Parker
Steve A. Peirce
**Fulbright & Jaworski LLP**
*Attorneys for NuStar Energy Services, Inc.*

John Keough
Casey Burlage
Corey Greenwald
**Clyde & Co.**
*Attorneys for Chemoil Latin America, Inc.*

Honorable Valerie E. Caproni
United States District Judge
January 5, 2015
Page 6

Andrea J. Pincus
Lars Forsberg
Sarah Kam
**Reed Smith LLP**
*Attorneys for SHV Gas Supply & Risk*
  *Management SAS*

James H. Power
Arthur E. Rosenberg
Marie E. Larsen
**Holland & Knight LLP**
*Attorneys for UPT Pool Ltd., Birch Shipping Ltd.,*
*Clearlake Shipping Pte Ltd., Bonny Gas Transport*
*Limited, MT Cape Bird Tankschiffahrts GmBH,*
*Conti 149 Conti Guinea, NYK Bulk & Project*
*Carriers Ltd. and Nippon Kaisha Line Ltd.*

William F. Dougherty
Michael Walsh
**Burke & Parsons**
*Attorneys for OSG Ship Management, Inc. and*
*1372 Tanker Corp.*

George M. Chalos
Kerri M. D'Ambrosio
**Chalos & Co., P.C.**
*Attorneys for Exmar Shipping BVBA*

Peter J. Gutowski
Michael Fernandez
**Freehill Hogan & Mahar LLP**
*Attorneys for Hapag-Lloyd Aktiengesellschaft*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 14-51720 (AHWS) |
| O.W. BUNKER HOLDING NORTH | ) |
| AMERICA, INC. *et al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) December 24, 2014 |
| | ) |

**JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR TRANSFER OF VENUE OF CASES**
**TO UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN**
**DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1412 AND**
**RULE 1014(a)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

O.W. Bunker Holding North America Inc., O.W. Bunker North America Inc., and

O.W. Bunker USA Inc., debtors and debtors-in-possession (collectively, the "Debtors") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases"), jointly with the Official Committee

of Unsecured Creditors (the "Committee") of the Debtors appointed in the Chapter 11 Cases (the

"Committee," and collectively with the Debtors, the "Movants"), by and through their

undersigned counsel, hereby move, pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the

Federal Rules of Bankruptcy Procedure, for an order transferring the Chapter 11 Cases to the

United States Bankruptcy Court for the Southern District of New York (the "New York

Bankruptcy Court"). In support of this Motion,[2] the Movants respectfully represent as follows:

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474); O.W. Bunker North America Inc. (7158); O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] The Movants reserve the right to supplement this Motion prior to any hearing on the Motion.

## SUMMARY OF ARGUMENT

1.      These Chapter 11 Cases present the rare case of a material collision between maritime and bankruptcy jurisdiction.   The Debtors' principal business was the purchase and sale of marine fuel oil, and virtually all of its assets consist of such marine fuel oil and the various claims that have arisen from its purchase and sale.  Additionally, because a significant quantity of marine fuel oil sold, purchased or brokered by the Debtors was in transit on seagoing vessels at the time these Chapter 11 Cases were commenced, parties such as vessel owners and charterers also have claims, including lien claims arising under maritime law, that conflict with claims included in the property of the Debtors' bankruptcy estates.

2.      Since the Chapter 11 Cases were commenced, at least thirteen interpleader actions have been filed in district courts (including ten in the United States District Court for the Southern District of New York) seeking an adjudication of claims relating to the Debtors' and their affiliates' transactions in marine fuel oil under principles of maritime law.  These actions purport to discharge the Debtors' claims against various customers and suppliers.  There are also at least eleven proceedings relating to the Debtors or their affiliates involving the arrest or potential arrest of seagoing vessels, which may lead to further interpleaders being filed in different parts of the country.  Certain parties have argued that this Court cannot exercise jurisdiction over the maritime law issues in these interpleader proceedings because maritime jurisdiction resides exclusively in the District Courts.  Likewise, because of the exclusivity in this Court of bankruptcy jurisdiction,  those district courts handling the interpleader and other proceedings outside of the District of Connecticut may not lawfully or constitutionally exercise bankruptcy jurisdiction.  The resulting separation of maritime and bankruptcy jurisdiction in different districts means that neither judicial system can afford complete relief to the parties or

2

resolve all the claims in one place. This separation will create enormous added costs and uncertainties for all parties in interest, including the Debtors.

3.     The Movants believe that the best way to mitigate these expensive inefficiencies for the benefit of all parties in interest is to consolidate all of the pending interpleader proceedings and the Chapter 11 Cases in one jurisdiction such that a district court judge in such district could simultaneously exercise both maritime and bankruptcy jurisdiction over these proceedings. This could be accomplished by either (a) seeking by separate motions in courts around the country to transfer venue of pending and future interpleader actions to the District of Connecticut, coupled with a channeling injunction to direct future interpleader actions involving the Debtors to the same court, or (b) seeking by motion in this Court to transfer venue of the Chapter 11 Cases to the Southern District of New York, where most of the interpleaders are already pending, and asking the District Court there to take steps, including injunctive relief if appropriate, to direct other pending and future interpleaders to that same Court.

4.     For a variety of reasons, including the time and expense required to consolidate all maritime and bankruptcy proceedings in a single court, as well the benefits for the economy and convenience of a significant number of parties in interest (and their professional representatives) of consolidating these proceedings as quickly as possible and in a forum in which the parties' costs will be as low as possible, the Movants believe that transferring the venue of these Chapter 11 Cases from this Court to the Southern District of New York is the preferable course. Venue in the Southern District of New York comports with the forum selection clause included in the Debtors' Terms and Conditions with Customers. As soon as such a transfer is directed, the Chapter 11 Cases would be assigned to a bankruptcy judge in the Southern District of New York, and District Judge Caproni, to whom all the interpleaders in New

3

York have been assigned, can promptly withdraw the reference from the transferee bankruptcy court of so much bankruptcy jurisdiction as is necessary to adjudicate all parties' rights, including as and to the Debtors and property of the estate, in the interpleader actions.

5.      No party should be prejudiced by such a transfer.  The Debtors are liquidating their assets while maintaining a small staff in Stamford to wind-up affairs, and the professionals who are now overseeing the liquidation are based in and around New York.  Most of the major suppliers, customers and creditors, including the Committee, have offices and legal representatives in New York.  There is no reason to believe that transfer would delay adjudication of any party's claims; and every reason to believe the timing would be quicker and expense would be less.  The courts in New York are highly experienced, and there is therefore also no reason to believe that the quality of justice would be any less in New York than it would be in this Court.

6.      For the foregoing reasons, and as set forth more fully below, the Movants respectfully move that this Court transfer venue of the Chapter 11 Cases to the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure.

## **JURISDICTION**

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. 157(b)(2).  *See In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715, 718-19 (Bankr. D. Conn. 1986).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4

## BACKGROUND FACTS

8.     On November 13, 2014 (the "Petition Date"), each of the Debtors filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9.     Prior to the Petition Date, the Debtors purchased marine fuel, oil and related goods on credit from suppliers (collectively the "Suppliers") for sale to third party ship-owners and operators (collectively the "Customers").

10.    Specifically, as set forth in the Declaration of Adrian Tolson filed in these Chapter 11 Cases on November 14, 2014 (the "Tolson Declaration") [DE 15], O.W. Bunker North America Inc. ("North America") "sources fuel oil from oil companies and refineries, transports and stores the fuel oil, and blends the fuel to the specifications requested by its customers." *See* Tolson Affidavit at ¶ 12. North America "also sells fuel oil from barge to ships in port and at sea." *See id.*

11.    Further, O.W. Bunker USA Inc. ("OWB-USA") "operates on the reselling side of the OW Bunker Companies' business." *See id.* at ¶ 13. "OWB-USA manages the bunker purchasing process on behalf of a customer by choosing the most competitive offer from a physical distributor, assessing fuel quality, and delivering the product to the customer." *Id.*

12.    As set forth in the Tolson Declaration, the Debtors' business relies heavily on trade credit. *See id.* at ¶ 15. "Marine fuel is purchased by the OW Bunker Companies on credit and then delivered to the customer, also on credit." *Id.*

13.    The collapse of the Debtors' parent companies and resulting withdrawal of trade credit "resulted in a severe liquidity crisis for the Debtors." *See id.* at ¶ 15. "With the bankruptcy of the Danish Entities … [t]he Debtors' vendors and creditors have refused credit,

5

accelerated payments for leases and other obligations, issued reclamation demands and ship arrests, and required cash upon delivery." *See id.* at ¶ 17.  This liquidity crisis led directly to the filing of the Chapter 11 Cases. *See id.* at ¶ 17-18.

14.    The Debtors' liquidity crisis and the filing of the Chapter 11 Cases has resulted in a flood of litigation by Suppliers against the Debtors, their Customers, and their respective maritime assets.

15.    Specifically, the Customers have filed numerous proceedings seeking interpleader relief under Rule 22 of the Federal Rules of Civil Procedure (collectively, the "Interpleader Actions").  Attached to this Motion as **Exhibit A** is a schedule detailing the Interpleader Actions known or believed by the Movants to involve the Debtors, their Customers, and their respective maritime assets.[3]

16.    By the Interpleader Actions, the plaintiff Customers seek to deposit amounts due to the Debtors for deliveries of fuel into the registry of the relevant court in order to prevent the Suppliers, the Debtors' purported secured creditor ING Bank N.V. ("ING"), and other parties from arresting their vessels and asserting maritime liens to recover amounts owed by the Debtors.

17.    The Movants anticipate that further interpleader actions will be filed as vessels subject to potential arrest approach and arrive in the United States and ports abroad.

---

[3] The Movants request that the Court take judicial notice of the dockets and papers filed in the Interpleader Actions solely as evidence of the pendency and status of and positions taken by the parties in the Interpleader Actions for the purpose of this Motion.  The Movants reserve the right to intervene in the Interpleader Actions, to contest the allegations and arguments of the parties in the Interpleader Actions, and to take all appropriate measures to protect their constituencies and the Debtors' estates in the Interpleader Actions.  Nothing in this Motion is intended to waive any substantive arguments or claims of the Movants, including the right to contest jurisdictional positions taken by NuStar or other parties in this Court or any other venue.

18.     Unfortunately, these interpleader actions give rise to a material conflict between the potentially exclusive maritime jurisdiction of federal district courts and the indisputably exclusive bankruptcy jurisdiction of this Court.   The Interpleader Actions unquestionably relate to both maritime issues (potential liens against vessels and substitute *res* for supply of "necessaries" and other services) and bankruptcy issues (resolution of claims belonging to and asserted against the Debtors' estates).   Certain parties have argued that this Court cannot exercise jurisdiction over any maritime issues.   However, any court other than this Court handling any Interpleader Actions may not lawfully or constitutionally exercise the bankruptcy jurisdiction exclusively vested in this Court.

19.     This Court has already considered and commented upon this conflict in the context of two Interpleader Actions filed in this Court as adversary proceedings: (i) *OSG Ship Management, Inc. and 1372 Tanker Corp. v. O.W. Bunker USA Inc., Chemoil Corp., Chemoil Middle East DMCC, and GPS Chemoil LLC FZC*, Case No. 5:14-ap-5065 (Bankr. D. Conn. Nov. 26, 2014) (the "OSG Adversary"); and (ii) *SHV Supply & Risk Management SAS v. OW Bunker USA, Inc., OW Bunker Holding North America, Inc., OW Bunker North America Inc., NuStar Energy Services, Inc., and ING Bank, N.V.*, Case No. 5:2014-ap-5068 (Bankr. D. Conn. Dec. 3, 2014) (the "SHV Adversary," and together with the OSG Adversary, the "Interpleader Adversaries").

20.     In both Interpleader Adversaries, certain parties disputed this Court's jurisdiction over *in rem* admiralty claims involving vessels not owned by the Debtors. Specifically, in the SHV Adversary the claimant Supplier, NuStar Energy Services Inc. ("NuStar"), filed a Response arguing that "there is no subject matter jurisdiction of the bankruptcy court to preside over maritime proceedings."  *See* SHV Adversary, DE 6 at 2.  This

7

position reflects NuStar's oft-repeated position that this Court lacks jurisdiction over any efforts "to impair or impede NuStar's right to perfect maritime liens and/or arrest vessels," even if NuStar seeks to do so in order to collect claims against the Debtors from the Debtors' Customers and their vessels. *See* DE 40 at 2.

21.     According to the Customer in the SHV Adversary, this Court questioned its jurisdiction over the Interpleader Actions and encouraged the Customer to re-file its action in a district court with definitive maritime jurisdiction. *See* SHV Adversary, DE 8 at 1. As a result, the Customer dismissed the SHV Adversary and reasserted its interpleader claim as a new proceeding in the United States District Court for the Southern District of New York (the "New York District Court"). *See SHV Gas Supply & Risk Management SAS and Exmar Shipping BVBA as owner of the Waregem v. O.W. Bunker USA Inc., O.W. Bunker Holding North America Inc., O.W. Bunker North America Inc., NuStar Energy Services, Inc., and ING Bank N.V.*, Case No. 1:14-cv-9720-VEC (S.D.N.Y. Dec. 10, 2014), DE 1 at 9.

22.     The OSG Adversary has also been dismissed and re-filed in the New York District Court based on this Court's comments about the extent of its authority and jurisdiction. *See OSG Ship Management, Inc. and 1372 Tanker Corp. v. O.W. Bunker USA Inc., O.W. Bunker Middle East DMCC, Chemoil Corporation, Chemoil Middle East DMCC, GPS Chemoil LLC FZC, and ING Bank N.V.*, Case No. 1:14-cv-9973-VEC (S.D.N.Y. Dec. 18, 2014), DE 6 at 8.

23.     Additionally, one Customer has filed in this Court a Motion seeking an order declaring that the automatic stay imposed by these Chapter 11 Cases does not apply to the Interpleader Actions or, in the alternative, modifying the stay to allow the Interpleader Actions to proceed in the New York District Court. *See* DE 173. Among other things, the Customer argues

that "[a] District Court is the only court under Article III of the Constitution with original jurisdiction over maritime actions." *See id.* at 11.

24.     The bulk of the Interpleader Actions are now pending in the New York District Court. *See* Exhibit A.  This comports with the forum selection clauses included in the Debtors' Terms and Conditions with Customers, a copy of which is attached hereto as **Exhibit B**.  Those Terms and Conditions generally provide that "any disputes and/or claims arising in connection with these conditions and/or any Agreement governed by them [or] any dispute and/or claim arisen in connection with a Vessel detained by Seller at any port, place or anchorage within the United States shall be submitted to the United States District Court for the Southern District of New York." *See* Exhibit B at ¶ P5.[4]  While there may be a question whether such forum selection clauses are enforceable in the bankruptcy context, it is nevertheless likely that due to the existence of these clauses the bulk of future interpleader cases involving the Debtors will continue to be filed in the Southern District of New York.

25.     According to pleadings filed in the Interpleader Actions, certain agreements relating to the Debtors' relationships with Suppliers also provide for exclusive jurisdiction in the New York District Court. *See OSG Ship Management, Inc. et al. v. O.W. Bunker USA Inc. et al.*, Case No. 1:14-cv-9973-VEC (S.D.N.Y. Dec. 18, 2014), DE 6 at 2-6.

26.     On December 18, 2014, Judge Caproni held a status conference involving all of the parties in the Interpleader Actions in the New York District Court in order to discuss how the parties should proceed with the Interpleader Actions in light of these Chapter 11 Cases.

---

[4]  The Movants do not concede that these forum selection clauses govern any substantive disputes arising under or relating to these Chapter 11 Cases.  The Movants believe, however, that the forum selection clauses, even if not binding, are relevant to any potential transfer of the Chapter 11 Cases, as they evidence that the Debtors and the Customers agreed their disputes must be litigated in the New York District Court.

A Declaration of Davis Wright summarizing the relevant discussions at the status conference is attached hereto as **Exhibit C**.

27.     The key issue at the conference was how to consistently and efficiently adjudicate all of the bankruptcy and maritime issues raised by these Chapter 11 Cases and the Interpleader Actions. *See* Exh. C at ¶ 4. This Court has in prior hearings raised similar concerns and has requested that the parties develop a global solution.

28.     The Movants maintain that the only way to ensure a consistent and efficient adjudication of all of the bankruptcy and admiralty claims and disputes amongst the Debtors, their Suppliers, their Customers, and ING is to bring all of these claims together in a single district court with both bankruptcy and admiralty jurisdiction.

29.     At the status conference, the parties discussed either (i) transferring the Interpleader Actions to the United States District Court for the District of Connecticut (the "Connecticut District Court"), which could then withdraw the reference of any admiralty-related issues pending in this Court; or (ii) transferring venue of the Chapter 11 Cases to the New York Bankruptcy Court, from which any admiralty issues could be withdrawn for resolution by Judge Caproni in the New York District Court. *See id.* at ¶ 5.

30.     On December 19, 2014, Judge Caproni issued an order to show cause why the Interpleader Actions pending before her should not be transferred to the Connecticut District Court. The Movants initially supported this proposed transfer.

31.     However, after performing further research and analysis the Movants now believe it would be in the interests of justice and the convenience of the parties for this Court to transfer the Chapter 11 Cases to the New York Bankruptcy Court pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure.

32.     The Movants believe that the New York Bankruptcy Court will be the most convenient and least objectionable of the potential venues where the matters could be consolidated.[5]

## ARGUMENT AND AUTHORITIES

### I.      LEGAL STANDARD FOR TRANSFER – 28 U.S.C. § 1412 AND RULE 1014(a)(1)

33.     Section 1412 of title 28 of the United States Code provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." *See* 28 U.S.C. § 1412.[6]

34.     Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure provides that "[i]f a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties." *See* F.R.B.P. 1014(a)(1).

35.     "The decision to transfer venue lies within the sound discretion of the court and is based on 'an individualized, case-by-case consideration of convenience and fairness.'" *In re Suntech Power Holdings Co., Ltd.*, 2014 WL 6152761, *14 (Bankr. S.D.N.Y.

---

[5] The Movants note that it is irrelevant whether the Chapter 11 Cases could have been properly commenced in the New York Bankruptcy Court under 28 U.S.C. § 1408. A bankruptcy case commenced in a proper district under § 1408 may be transferred to a court in *any* other district under § 1412 and Rule 1014, including a court in a district in which the case could not have been properly commenced under § 1408. *See In re AP Industries, Inc.*, 117 B.R. 789, 797-98 (Bankr. S.D.N.Y. 1990). Commentators have acknowledged that it would be acceptable for a debtor to commence a case in a "proper" jurisdiction with the express purpose of immediately transferring the case to an "improper" jurisdiction under § 1412. *See id.*

[6] Notwithstanding the use of the term "district court" in § 1412, a bankruptcy court may issue an order transferring a bankruptcy case under § 1412. *See Oceanquest*, 56 B.R. at 719-20.

Nov. 17, 2014) (quoting *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990)). "The party seeking to change venue bears the burden of proof by a preponderance of the evidence." *Id.*

36.    Under § 1412 and Rule 1014(a)(1), "[t]he interests of justice and the convenience of the parties are written in the disjunctive, and considered separately." *Id.* at *15.

37.    "The 'interest of justice' is a flexible standard which considers whether a transfer of venue would promote timeliness, fairness, the efficient administration of the bankruptcy estate, and judicial economy." *See In re Raytech Corp.*, 222 B.R. 19, 25 (Bankr. D. Conn. 1998). "[T]he court system itself has an interest in the efficient judicial administration of its cases." *See U.S. v. State Street Bank and Trust Co. (In re Scott Cable Communications, Inc.)*, 263 B.R. 6, 8 (Bankr. D. Conn. 2001). The relevant factors for a determination of whether a proposed transfer is in the "interest of justice" include: "the proximity of creditors of every kind to the court; the proximity of the debtor to the court; proximity of the parties' attorneys; the proximity of witnesses necessary for the administration of the estate; the location of the assets; the economic administration of the estate; and the necessity for ancillary administration if liquidation should result." *See Raytech*, 222 B.R. at 26. A court may also consider whether "(i) transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) the interests of judicial economy would be served by the transfer; (iii) the parties would be able to receive a fair trial in each of the possible venues; (iv) either forum has an interest in having the controversy decided within its borders; (v) the enforceability of any judgment would be affected by the transfer; and (vi) the plaintiff's original choice of forum should be disturbed." *Suntech*, 2014 WL 6152761 at *15-16. The most important factor is "the economic and efficient administration of the estate." *See id.* at *16.

38.     "Convenience of the parties generally involves consideration of the location of the parties and their counsel, the location of the proof, and the ability to compel otherwise unwilling witnesses to testify." *See id.* at *17.  In determining if convenience justifies transfer under § 1412 and Rule 1014(a)(1), a court should consider practical issues such as the cost of travel and lodging for parties' representatives, counsel, and witnesses.  *See In re Windtech*, 73 B.R. 448, 451 (Bankr. D. Conn. 1987).

## II.     APPLICATION TO THE INSTANT CASES

39.     The Movants submit that transfer of these Chapter 11 Cases to the New York Bankruptcy Court will be in the interest of justice and will best serve the convenience of all parties to these Chapter 11 Cases.

40.     The separation of maritime and bankruptcy jurisdiction resulting from the positions taken by the parties in the Interpleader Actions and in this Court means that neither this Court nor the district courts can afford complete relief to the parties or resolve all relevant claims in one place.  This Court may not be able to determine if Suppliers have valid maritime liens on the Customers' vessels or establish a substitute *res* for such liens, and the district courts cannot determine the validity and amount of the Debtors' claims against the Customers or the entitlement of ING to payment of amounts ostensibly due to the Debtors under applicable invoices.

41.     Continuing separation of maritime and bankruptcy jurisdiction will create enormous added costs and uncertainties for all parties in interest, including the Debtors, and may result in prejudicial delay and inconsistent adjudication.

42.     While it is possible that this separation of exclusive jurisdiction could be resolved by transfer of all pending and future interpleader actions to the Connecticut District

Court, it is clear that most parties in interest, including the Movants, favor maintaining the Interpleader Actions in the New York District Court. The New York District Court has already played an active role in managing the Interpleader Actions. The New York District Court has now consolidated management of the Interpleader Actions pending there before United States District Judge Valerie E. Caproni, who has entered numerous temporary restraining orders and allowed Customers to deposit funds in the registry of the New York District Court in order to prevent arrest of vessels. *See* Exhibit A. The existence of forum selection clauses providing for exclusive jurisdiction in the New York District Court also weighs in favor of maintaining existing and future interpleader actions in that Court.

43.      Absent such a transfer the Movants would have to engage in costly and uncertain jurisdictional and venue litigation at the expense of the Debtors' estates to force Customers and Suppliers to bring the Interpleader Actions to this Court. In the meantime, the Debtors may be obligated to participate in each of the Interpleader Actions to protect their rights to the funds at issue, and to defend against discharge of the respective plaintiff's obligation to the Debtors. The expense and uncertainty of such litigation outweigh the benefit to the Debtors of maintaining the Chapter 11 Cases in this Court.

44.      Thus, the Movants submit that the only alternative that will resolve the jurisdictional conflict between this Court and the maritime jurisdiction of the bankruptcy courts without costly and time-consuming venue litigation is transfer of the Chapter 11 Cases to the New York Bankruptcy Court.

45.      The transfer should not prejudice any party, and the New York Bankruptcy Court should be the most convenient transferee venue for the Chapter 11 Cases. Counsel for the Movants, the Suppliers, the Customers, and ING are generally all located in New

14

York, and those without New York counsel should find such counsel easy to secure. Thus, it will be considerably more efficient and less costly (for the Debtors' estates and for the parties) to handle all matters in New York, where local counsel and travel will not be required. Further, the parties' representatives will likely find it easier and cheaper to travel to New York than to Connecticut or any other transferee jurisdiction, if they are not located in New York already.

## CONCLUSION

46.    For the reasons stated above, the Movants respectfully request that the Court grant this Motion, enter an order transferring the Chapter 11 Cases to the New York Bankruptcy Court, and grant such other and further relief as the Court deems just and proper.

Dated:  December 24, 2014

**MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP**


By: */s/ Natalie D. Ramsey*
Natalie D. Ramsey (NY #5242730)
(admitted *pro hac vice*)
Joseph O'Neil (NY #2596435)
(admitted *pro hac vice*)
Davis Lee Wright (NY #4761300)
(admitted *pro hac vice*)
437 Madison Avenue, 29th Floor
New York, NY 10022

-and-

**ROBINSON & COLE LLP**
Michael R. Enright (ct10286)
Patrick M. Birney (ct19875)
280 Trumbull Street
Harford, CT 06103
Telephone: (860) 275-8290
Facsimile: (860) 275-8299
menright@rc.com
pbirney@rc.com

**HUNTON & WILLIAMS LLP**


By: */s/ Gregory F. Lang*
Peter S. Partee, Sr.
(admitted *pro hac vice*)
Michael P. Richman
(admitted *pro hac vice*)
Andrew Kamensky
(admitted *pro hac vice*)
Gregory F. Lang (ct14112)
200 Park Avenue
New York, NY 10166-0136
Telephone: (212) 309-1000
Facsimile: (212) 309-1847
ppartee@hunton.com
mrichman@hunton.com
akamensky@hunton.com

*Proposed Counsel for The Official
Committee of Unsecured Creditors of O.W.
Bunker Holding North America Inc., et al.*

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

16

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| **O.W. BUNKER HOLDING NORTH** | : | |
| **AMERICA, INC., et al.,**[1] | : | Case No. 14-51720 (AHWS) |
| | : | |
| Debtors. | : | Jointly Administered |

**EXPEDITED MOTION TO CONTINUE HEARING ON JOINT MOTION OF THE
DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
TRANSFER OF VENUE OF CASES TO UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1412
AND RULE 1014(A)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE;
ALTERNATIVELY, MOTION TO RECONSIDER ORDER SETTING HEARING**

NUSTAR ENERGY SERVICES, INC. AND NUSTAR SUPPLY & TRADING LLC

(hereinafter, "**NuStar**") states:

**I.**
**EXPEDITED RELIEF REQUESTED**

NuStar seeks expedited relief for this motion because it seeks a continuance of a hearing

currently set for January 6, 2015 at 2:00 p.m.

**II.**
**BACKGROUND**

1.      On Wednesday, December 24, 2014 after 5:00 p.m., the Debtors and the Official

Committee of Unsecured Creditors (the "**Committee**") Movants filed the following motion:

*Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Transfer of*

*Venue of Cases to United States Bankruptcy Court for the Southern District of New York*

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474); O.W. Bunker North America Inc. (7158); O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

Pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure (the "**Venue Transfer Motion**"). 14-51720 Dkt. 229.

2.      Also on Wednesday, December 24, 2014 after 5:00 p.m., the Debtors and the Committee filed an motion requesting an expedited hearing on the Venue Transfer Motion, seeking transfer of this chapter 11 bankruptcy case to the Southern District of New York.  14-51720 Dkt. 230.

3.      On Monday, December 29, 2014, the Court granted the Motion to Expedite and set a hearing on the Venue Transfer Motion for January 6, 2015 at 10:00 a.m. 14-51720 Dkt. 234.[2] On December 31, 2014, the Court entered an order changing the time of the hearing on the Venue Transfer Motion to January 6, 2015 at 2:00 p.m. 14-51720 Dkt. 242.

### III.
### ARGUMENT AND AUTHORITIES

NuStar seeks a continuance of the hearing on the Venue Transfer Motion, alternatively, an order reconsidering and vacating of the Order Setting Hearing, for the following reasons.

**A.      Inadequate Notice to Creditors and Interested Parties**

4.      A motion to transfer venue of an entire chapter 11 case (and presumably the six adversary proceedings as well) is a drastic remedy affecting all creditors.  The transfer of a case from one district to another is a cumbersome disruption of the Chapter 11 process.  *In re Baltimore Food Systems, Inc.*, 71 B.R. 795, 799 (Bankr. D.S.C. 1986).  The Venue Transfer Motion was filed after hours on Christmas Eve, which was followed by Christmas Day, the Friday after Christmas, and a weekend, seeking a hearing on January 6 with an intervening New

---

[2] See Order Scheduling Hearing And Limiting Notice With Respect To Joint Motion Of The Debtors And The Official Committee Of Unsecured Creditors For Transfer Of Venue Of Cases To United States Bankruptcy Court For The Southern District Of New York Pursuant To 28 U.S.C. § 1412 And Rule 1014(A)(1) Of The Federal Rules Of Bankruptcy Procedure. 14-51720 Dkt. 234.

Years' holiday.    This is inadequate notice for a substantial remedy affecting all parties in interest, especially given the holidays.

5.    This Court respectfully, lacks the time to conduct an evidentiary hearing on January 6, 2015, and the parties in interest have not been afforded adequate time to prepare for any such hearing.

**B.    The Venue Transfer Motion is Opposed, and the Hearing Will Require Evidence**

6.    NuStar, believed to be the largest trade creditor in this case, opposes the Venue Transfer Motion, and will be filing a response in opposition to the Venue Transfer Motion. Accordingly, if the January 6, 2015 setting remains, there will be a contested evidentiary hearing without an opportunity for parties to take discovery or otherwise adequately prepare.  In this regard, NuStar notes that there are over 80 matters in various cases set before this Court on January 6, 2015.

7.    The venue transfer motion will require an evidentiary hearing and preparation for an evidentiary hearing.

**C.    The Federal District Court Should Make its Decision First**

8.    The Venue Transfer Motion is an effort to affect the venue and jurisdictional decision of the federal district court in the Southern District of New York. There are currently several interpleader actions affecting the Debtors pending in federal district court in the Southern District of New York, before the Honorable Valarie E. Caproni, United States District Judge. The basis of the Venue Transfer Motion is that the chapter 11 bankruptcy case should be transferred to the Southern District of New York because the interpleader actions are pending there.  However, Judge Caproni has raised serious questions about whether the interpleader actions can properly be heard in the Southern District of New York.  Accordingly, Judge Caproni

issued an order at Dkt. 21 in the **SHV Interpleader**[3] of December 19, 2014 ("**SHV Briefing Order**") ordering briefing by the parties on the following issues:

> Briefing by January 16, 2014 "[S]howing cause why these cases should not all be transferred to, and adjudicated by, the United States District Court for the District of Connecticut upon a motion to withdraw the reference in the bankruptcy proceedings currently pending before Judge Shiff in the United States Bankruptcy Court District of Connecticut;

> Briefing by an agreed schedule[4] on "[W]hether it is proper for the Court to permit Plaintiff vessel owners or charterers to initiate interpleader actions with injunctive relief under circumstances where the vessel at issue has not yet arrived, and is not scheduled to imminently arrive, at a port in this District.

SHV Briefing Order, attached as **EXHIBIT 1**.

9.      The Debtors and the Committee are using the fact that the interpleader actions are in New York to argue that the bankruptcy venue should be changed to New York, and then, if bankruptcy venue is transferred, they will use the bankruptcy venue to argue that the interpleader actions should stay in New York. NuStar respectfully suggests that this Court not make a decision on transfer of venue of the bankruptcy case until the threshold issue of jurisdiction and venue of the interpleader actions is decided by Judge Caproni. NuStar respectfully suggests that the hearing on the Venue Transfer Motion be set only after the parties have notified this Court of Judge Caproni's decisions with respect to jurisdiction and venue of the interpleader actions before her.

## IV.
## PRAYER

WHEREFORE, NuStar hereby respectfully request this Court (1) continue the January 6, 2015 hearing on the Joint Motion Of The Debtors And The Official Committee Of Unsecured

---

[3] The "SHV Interpleader" is *SHV Gas Supply & Risk, et. al., v. O.W. Bunker USA, Inc., et. al.*, in the United States District Court for the Southern District of New York, Civil Action No. 14-CV-9720. NuSatr Services is a party to the SHV Interpleader.

[4] The parties in the SHV Interpleader have agreed to brief this issue as follows: NuStar and other defendants opening brief by January 14, 2015 and SHV and the other plaintiff Exmar Shipping by February 4, 2015.

Creditors For Transfer Of Venue Of Cases To United States Bankruptcy Court For The Southern District Of New York Pursuant To 28 U.S.C. § 1412 And Rule 1014(A)(1) Of The Federal Rules Of Bankruptcy Procedure indefinitely, with leave to allow the Debtors and the Official Committee of Unsecured Creditors to request a hearing on such Joint Motion after a decision is made by the federal district court after the briefing ordered on December 19, 2014 at Dkt. 21 in SHV Gas Supply & Risk, et. al., v. O.W. Bunker USA, Inc., et. al., in the United States District Court for the Southern District of New York, Civil Action No. 14-CV-9720, and (2) vacate the Order Scheduling Hearing And Limiting Notice With Respect To Joint Motion Of The Debtors And The Official Committee Of Unsecured Creditors For Transfer Of Venue Of Cases To United States Bankruptcy Court For The Southern District Of New York Pursuant To 28 U.S.C. § 1412 And Rule 1014(A)(1) Of The Federal Rules Of Bankruptcy Procedure at 14-51720 Dkt. 234, and the order at 14-51720 Dkt. 242 as it pertains to the Venue Transfer Motion, and grant such other and further relief to which NuStar is entitled, either at law or in equity.

DATED: December 31, 2014.

**NUSTAR ENERGY SERVICES, INC. and NUSTAR SUPPLY & TRADING LLC**

By: */s/ Eric Henzy*
    Eric Henzy
    Federal Bar No. ct12849
    Reid and Riege, P.C.
    1 Financial Plaza, 21st Floor
    Hartford, CT  06103
    Telephone:  (860) 240-1081
    Telecopier:  (860) 240-1002
    ehenzy@rrlawpc.com

    *Attorneys for NuStar Energy Services, Inc. and NuStar Supply & Trading LLC*

OF COUNSEL:

Michael M. Parker
Texas State Bar 00788163 (admitted *pro hac vice*)
Steve A. Peirce
Texas State Bar 15731200 (admitted *pro hac vice*)
FULBRIGHT & JAWORSKI LLP
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone:  (210) 224-5575
Facsimile:  (210) 270-7205
michael.parker@nortonrosefulbright.com
steve.peirce@nortonrosefulbright.com

*Attorneys for NuStar Energy Services, Inc. and*
*NuStar Supply & Trading LLC*